UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WAYNE M. FIELDHOUSE,

    Petitioner,

v.                            Case No: 5:12-cv-388-Oc-29PRL

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.[1]

**ORDER OF DISMISSAL WITH PREJUDICE**

This matter comes before the Court upon Petitioner Wayne M. Fieldhouse's (Petitioner's) second amended petition for writ of habeas corpus (Doc. #13) filed on October 25, 2012.[2]  The Court

---

[1] The proper Respondent in this action is the Secretary of the Florida Department of Corrections.  Thus, the Florida Attorney General will be dismissed from this action.  Rumsfield v. Padilla, 542 U.S. 426, 435-36 (2004); Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).

[2] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document.  Id.  If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).  Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

ordered Respondent to show cause why the relief sought in the petition should not be granted. (Doc #15.) On March 27, 2013, Respondent filed a limited response incorporating a motion to dismiss the habeas petition as time-barred.³ (Doc. #16.)

---

³On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent submits exhibits (Ex. A-S) in support of the Response. (See Appendix of Exhibits.)  This matter is ripe for review.

After carefully examining the petition, Respondent's motion to dismiss, the state court record, and the applicable law, the Court concludes that this action is time-barred under the provisions of 28 U.S.C. § 2244(d).

**I.**

Petitioner challenges his 2001 judgment of conviction for two counts of sexual battery upon a child less than twelve years of age.  (Doc. #13.)  Petitioner's sentences and conviction were affirmed on direct appeal on September 19, 2003.  (Ex. G.) Consequently, Petitioner's state conviction became final on **December 17, 2003.** See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed); see also Chavers v. Sec'y Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006)(holding entry of judgment, not issuance of mandate, is the event that starts the running of time for seeking Supreme Court review).[4]  This was <u>after</u> the April 24, 1996, effective date of

---

[4]A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A).  For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of

the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **December 17, 2004.**[5] Consequently, the original Petition filed in this Court on June 26, 2012, would be untimely, unless Petitioner availed himself of one of the statutory provisions that extends or tolls the time period, or Petitioner can demonstrate that he is entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).

1.   **Tolling of Federal Limitations Period**

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

All of Petitioner's post-conviction motions were well past the one-year AEDPA time period which expired on **December 17, 2004.** No properly filed motions were pending until Petitioner filed a state habeas corpus petition raising ineffective assistance of appellate counsel claims on July 5, 2011. (Ex. I.) Petitioner then filed his first Rule 3.850(d) motion on December 8, 2011. (Ex. M.) The 3.850(d) motion was dismissed as untimely on December

---

entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5]Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

12, 2011. (Ex. N.) Petitioner filed a motion to correct sentence on January 9, 2012, which was dismissed without prejudice for failing to contain an oath of verification. (Ex. O, P.) Petitioner filed an amended motion to correct sentence on March 13, 2012, which the court construed as a Rule 3.850 motion and denied as untimely on March 28, 2012. (Ex. Q, R.)

Petitioner's untimely post-conviction motions do not toll the AEDPA statute of limitations because the AEDPA limitations period had already expired. "[W]here a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot toll the limitations period because 'once a deadline has expired, there is nothing left to toll.'" Jones v. Sec'y, Fla. Dep't of Corr., 499 F. App'x 945, 951 (11th Cir. 2012)(citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir.2004)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Because Petitioner's state court habeas petition and subsequent 3.850 motions were filed after the AEDPA statute of limitations had ran, the Petitioner is not entitled to statutory tolling. Thus, the instant Petition is subject to dismissal because it is untimely unless Petitioner is entitled to equitable tolling.

**2. Equitable Tolling**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645. Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized that equitable tolling "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). Here, Petitioner articulates no reasons why he should be entitled to equitable tolling of the federal limitations period. See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014)(emphasizing a petitioner's burden in establishing entitlement to equitable tolling).

Consequently, the Court finds that the instant Petition is untimely and does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Second Amended Petition for Writ of Habeas Corpus (Doc. #13) is **DISMISSED with prejudice as time-barred**.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these

circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this   1st   day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record